Omid E. Khalifeh, SBN 267340
Ariana Santoro, SBN 300767
Louise Jillian Paris, SBN 347801
**OMNI LEGAL GROUP**
10880 Wilshire Blvd., Suite 1860
Los Angeles, California 90024
Phone:      310.276.6664
Facsimile:   310.305.1550
omid@omnilg.com
ariana@omnilg.com
jillian@omnilg.com

Attorneys for Plaintiff
Fabric of the Universe Inc.

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABRIC OF THE UNIVERSE INC., a California Corporation;<br><br>            Plaintiff,<br><br>        vs.<br><br>TEN THOUSAND INC., a Delaware Corporation;<br><br>            Defendant. | Case No: 2:24-cv-09634<br><br>**PLAINTIFFS' COMPLAINT FOR: DECLARATORY RELIEF OF NON-INFRINGEMENT OF TRADEMARK**<br><br><br>**JURY TRIAL DEMAND** |

**INTRODUCTION**

1.      This action arises from Defendant Ten Thousand, Inc.'s allegations that Plaintiff Fabric of the Universe, Inc. has infringed upon Ten Thousand's trademark rights. Plaintiff seeks declaratory relief to establish its lawful use of its marks in the face of Defendant's unsubstantiated infringement claims, which seek to disrupt Plaintiff's lawful business operations.

2.      Plaintiff Fabric of the Universe, Inc. ("Fabric" or "Plaintiff") is an established retailer of apparel and accessories marketed under distinctive marks, which are unique and non-confusingly similar to Defendant's marks.

3.      Defendant Ten Thousand, Inc. ("Ten Thousand" or "Defendant") alleges it owns the TEN THOUSAND trademark and logo, used in association with athletic apparel, and claims Fabric's use of an alleged similar mark infringes upon its trademark rights.

4.      This is an action for declaratory relief pursuant to 28 U.S.C. 2201, seeking a judicial determination that Plaintiff has not infringed upon Defendant's trademark.

**PARTIES, JURISDICTION, and VENUE**

5.      Plaintiff Fabric of the Universe, Inc. is a corporation, duly organized and existing under the laws of the State of California, with its principal place of business located at 5755 Valentine Rd. Ste. 215, Ventura, CA 93003.

6.      Upon information and belief, Defendant Ten Thousand Inc. is a corporation, duly organized and existing under the laws of the State of Delaware, with its principal place of business located at 16 West 22nd Street – 4th Floor, New York, New York 10010.

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. 1331 (federal question jurisdiction) and 28 U.S.C. 1338(a) (jurisdiction over trademark cases), as this action arises under the Lanham Act, 15 U.S.C. 1051 et seq.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in this district, and Defendant conducts business in California. Additionally, Plaintiff resides in this district, and Defendant's business activities in this state made it reasonably foreseeable that Plaintiff would bring this action in this Court.

## FACTUAL ALLEGATIONS

9.      Fabric of the Universe, Inc. ("Fabric" or "Plaintiff") is an innovative apparel brand that launched in 2018, known for its bold and creative clothing designs and futuristic apparel. Fabric's mission is to provide unique, high-quality clothing that stands out in the fashion industry. *See* **Exhibit A** for various screenshots taken from Fabric's website (www.fabricoftheuniverse.com).

10.      Fabric has a wide-reaching customer base, with its products sold across the United States and internationally through its online channels. In the United States, Fabric's goods are available through its e-commerce platform. Internationally, Fabric offers worldwide shipping bringing its distinctive brand to a global audience.

11.      Fabric holds intellectual property rights in its brand and unique product designs, which include various distinctive marks and visual elements that form its brand identity. Fabric's brand elements are distinctive and recognizable among its target audience. *See* **Exhibit B** for a recitation of Fabric's trademark applications and other proprietary rights.

12.      Fabric advertises and markets its products through a range of channels, including social media platforms like Instagram, Facebook, Twitter, and Pinterest, as well as through collaborations with influencers and media outlets. Fabric's social

media presence has garnered a significant following and engagement from a dedicated audience. For instance, Fabric's Instagram account has attracted 331,000 followers who actively engage with the brand's content. *See* **Exhibit C** for examples of Fabric's social media reach and brand following.

13.     Due to Fabric's marketing efforts and unique branding, consumers have come to associate Fabric's trademarks and design elements exclusively with Fabric's distinctive clothing and apparel. Fabric's intellectual property, including its trademarks and trade dress, represents substantial goodwill and is an essential component of its brand identity and market positioning.

14.     Ten Thousand, Inc. ("Ten Thousand" or "Defendant") is a company that designs, markets, and distributes athletic apparel. Ten Thousand's product line focuses on performance-driven clothing for athletic purposes, operating under the brand name TEN THOUSAND and associated trademarks.

15.     On September 12, 2024 Ten Thousand, through its counsel, issued a cease-and-desist letter to Fabric, alleging that Fabric's use of its mark on its apparel products infringes upon Ten Thousand's trademark (US Serial No. 87650656). The letter demanded that Fabric cease all use of the alleged infringing mark and threatened further legal action if Fabric did not comply. *See* **Exhibit D** for a copy of the cease-and-desist letter.

16.     Fabric disputes Defendant's allegations and maintains that its use of its trademarks is lawful, non-infringing, and distinct from Ten Thousand's branding. Fabric's branding is visually and contextually distinct from Ten Thousand's and there is no likelihood of consumer confusion.

17.     Defendant's letter claims that Plaintiff's mark is "identical in appearance, sound, and meaning" to Defendant's trademark. Defendant further

asserts that Plaintiff's mark may deceive consumers into believing an association between the parties where none exists.

18.    Fabric disputes Ten Thousand's allegations of infringement, asserting that the marks are visually distinct. Fabric's ⊠ mark features an enclosed, symmetrical design resembling a square with a cross. In contrast, Ten Thousand's ╳ mark uses an open "X" with lines extending outward. These differences in layout and visual style make each mark unique, reducing any likelihood of consumer confusion.

19.    Plaintiff denies that its mark, branding, or apparel offerings create any likelihood of confusion among consumers, especially considering Plaintiff's distinctive aesthetic and market positioning separate from Defendant's athletic wear focus.

20.    Plaintiff's use of its marks does not infringe on Defendant's alleged rights under federal or California trademark laws, as the marks are not confusingly similar in their design, commercial impression, or the contexts in which they are marketed and sold.

## CLAIM FOR RELIEF
### Declaratory Relief

6.    Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

7.    An actual, justiciable controversy exists between Plaintiff and Defendant. Defendant asserts that Plaintiff's continued use of its marks constitutes trademark infringement, a claim that Plaintiff denies.

8.    Plaintiff seeks a judicial declaration affirming its rights to use its mark on its products, without infringement of Defendant's alleged trademark rights.

Plaintiff also seeks affirmation that Defendant's claims lack basis, as Plaintiff's design and brand are distinct and unlikely to cause confusion among consumers.

9.    A judicial determination is necessary to resolve this dispute, allowing Plaintiff to proceed with its lawful use of its branding without interference or threats of legal action from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant as follows:

A. For a declaration that Plaintiff's use of its marks in association with its clothing and apparel products does not infringe upon Defendant's trademark rights.

B.  For an order enjoining Defendant from further assertions, threats, or legal actions based on alleged infringement by Plaintiff.

D. Awarding Plaintiff its costs and reasonable attorneys' fees; and

E. Granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 7th day of November, 2024.

**OMNI LEGAL GROUP**

*/s/ Omid E. Khalifeh*
Omid E. Khalifeh
Louise Jillian Paris
Attorneys for Plaintiff
Fabric of the Universe Inc.